IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
)
**MARK DANIEL LYTTLE,** )
)
    **Plaintiff,** )
)    Civil Action
v. )    Case No. 1:10-CV-3302-CAP
)
**UNITED STATES OF AMERICA,** )
**et al.,** )
)
    **Defendants.** )
_____)

### STATEMENT OF MATERIAL FACTS IN SUPPORT OF THE UNITED STATES' AND OFFICIAL CAPACITY DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

In accordance with Local Rule 56.1(B)(1), the United States submits this Statement of Material Facts in support of the United States' and official capacity defendants' motion to dismiss and for summary judgment, filed on this same date. Because the United States seeks summary judgment only as to plaintiff's "Eighth Claim for Relief," this statement of facts is limited to those facts and materials relevant to that particular claim. Portions of the materials submitted in connection with this statement of facts have been redacted because they are not relevant to that claim. Separately, all of the materials submitted in support of the United

States' and official capacity defendants' motion to dismiss and for summary judgment have been redacted to comply with Federal Rule of Civil Procedure 5.2 and Appendix H of this Court's Local Rules.  *See* App. H, Exh. A § II(I).  The United States and official capacity defendants can submit complete, unredacted copies of these materials if the Court wishes.

  1. While detained at the Stewart Detention Center, Lyttle was administered two tablets of Metformin per day, one in the morning and another in the evening, beginning with the evening dosage on November 4, 2008.  Metformin is the generic name for a medication used to treat Type 2 Diabetes that is sometimes known by its brand name "Glucophage."  Exh. L, Decl. of Sherri Jones (May 11, 2011) ¶ 5; Exh. K-1.

  2. Lyttle was required to obtain this medication by standing in the pill line, and was not allowed to keep this medication on his person.  Jones Decl. (Exh. L) ¶ 6; Exhs. K-1, K-2.

  3. All nurses who administer medication to detainees in the pill line at the Stewart Detention Center are trained to closely observe the detainees to ensure that they actually take the medication in the nurse's presence.  This is to avoid the

disposal, hoarding, abuse, or misuse of the medication, and to ensure the safety of the detainees.  Jones Decl. (Exh. L) ¶ 7.

4. Lyttle was administered his normal dosage of two tablets of Metformin on November 16, 2008, and was not given any medication on November 17, 2008, as he already had been taken to an outside hospital.  Jones Decl. (Exh. L) ¶ 8; Exh. K-1.

5. There is no indication that Lyttle was provided with 60 tablets of Glucophage on November 17, 2008, or any other day while he was detained at the Stewart Detention Center.  Doing so would have been in direct violation of the explicit instructions that he not be allowed to keep his medication on his person.  Jones Decl. (Exh. L) ¶ 9; Exh. K-1.

6. With respect to the incident on November 17, 2008, in which Lyttle was taken to an outside hospital due to a possible overdose, Lyttle stated to various health care professionals at the hospital and at the Stewart Detention Center immediately afterwards that he "did not try to kill [him]self" and that he was "not suicidal and [he] never was."  He claimed instead that he took more than the prescribed amount of medication "for fun" and because "he was bored" and was "trying to get high."  Exh. K-3.