IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK DANIEL LYTTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. 1:10-CV-3302-CAP |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF MARK DANIEL LYTTLE'S RESPONSE TO
UNITED STATES AND OFFICIAL CAPACITY DEFENDANTS'
STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56.1(B)(2), Plaintiff Mark Daniel Lyttle ("Plaintiff") files this response to the Statement of Material Facts in Support of The United States' and Official Capacity Defendants' ("OC Defendants") Motion to Dismiss and for Summary Judgment.

Plaintiff inadvertently neglected to file this pleading as an attachment to Plaintiff's Response in Opposition to the OC Defendants' Motion to Dismiss and for Summary Judgment filed with this Court on June 24, 2011 ("Plaintiff's Response"). (ECF Doc. No. 56.) However, the affidavits and other evidence relied upon in this pleading to show the disputed facts were submitted as exhibits to Plaintiff's Response.

2284961v5

Because no discovery has yet taken place in this action, Plaintiff reserves the right, pursuant to Fed. R. Civ. P. 56(d), to supplement or amend these responses.

Plaintiff makes the following specific responses to the individually numbered paragraphs of the OC Defendants' Motions:

1. Plaintiff denies the first sentence of Paragraph 1 on the grounds that it mischaracterizes the amount of Metformin he was administered in each instance during the course of his detention at Stewart Detention Center ("SDC"). In the affidavit of Mark Daniel Lyttle, attached to Plaintiff's Response as Exhibit "A," Plaintiff states, "While I was at [SDC], I was given a bottle of Glucophage pills . . . . [and] [o]n or about November 17, 2008, while still at SDC, I took the approximately 60 Glucophage pills in the medicine bottle given to me." (*See, e.g.,* Affidavit of Mark Lyttle ("Lyttle Aff.") at ¶¶ 4-5.) Plaintiff admits the second sentence of Paragraph 1.

2. Plaintiff denies Paragraph 2 on the grounds that Plaintiff has stated, "I was at Stewart Detention Center ("SDC"), I was given a bottle of Glucophage pills. I was not given any warnings or instructions on how many pills I was supposed to take." (Lyttle Aff. at ¶ 4.) Additionally, Plaintiff denies Paragraph 2 on the grounds that he has insufficient knowledge to admit or deny the allegations and is not required to respond prematurely to these allegations where discovery has not yet commenced. *See* Fed. R. Civ. P. 56(d).

3.      In response to the allegations in Paragraph 3, Plaintiff states that he has insufficient knowledge or information to admit or deny the allegations given the procedural posture of this case and the lack of discovery that has been conducted.  (*See* Affidavit of Brian P. Watt ("Watt Aff."), attached to Plaintiff's Response as Exhibit "B," at ¶¶ 5-9.)  Plaintiff is not required to respond prematurely to these allegations where discovery has not yet commenced.  *See* Fed. R. Civ. P. 56(d).

4.      In response to the allegations in Paragraph 4, Plaintiff states that the precise date of the overdose may have been November 16, 2008.  (Lyttle Aff. at ¶ 5 (noting that the incident occurred "on or about November 17, 2008, while still at SDC".)  In further response, Plaintiff states that he has insufficient knowledge or information to admit or deny the allegations in Paragraph 4 given the procedural posture of this case and the lack of discovery that has been conducted.  (*See* Watt Aff. at ¶¶ 5-9.)  Plaintiff is not required to respond prematurely to these allegations where discovery has not yet commenced.  *See* Fed. R. Civ. P. 56(d).

5.      Plaintiff denies the first sentence of Paragraph 5 on the grounds that Plaintiff has stated, "While I was at [SDC], I was given a bottle of Glucophage pills . . . . [and] [o]n or about November 17, 2008, while still at SDC, I took the approximately 60 Glucophage pills in the medicine bottle given to me."  (Lyttle Aff. at ¶¶ 4-5.)  In further response to the allegations in Paragraph 5, Plaintiff

states that the precise date of the overdose may have been November 16, 2008. (Lyttle Aff. at ¶ 5 (noting that the incident occurred "on or about November 17, 2008, while still at SDC".)  Plaintiff states that he has insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 5 given the procedural posture of this case and the lack of discovery that has been conducted. (*See* Watt Aff. at ¶¶ 5-9.)  Plaintiff is not required to respond prematurely to these allegations where discovery has not yet commenced.  *See* Fed. R. Civ. P. 56(d).

      6.      Plaintiff denies the allegations in Paragraph 6, objects to Defendants' use of and reliance upon documents that have not been properly authenticated, and, by way of further response, states that he has insufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 given the procedural posture of this case and the lack of discovery that has been conducted. (*See* Watt Aff. at ¶¶ 5-9.)  Plaintiff is not required to respond prematurely to these allegations where discovery has not yet commenced.  *See* Fed. R. Civ. P. 56(d).

Respectfully submitted this 6th day of July, 2011.

        **TROUTMAN SANDERS LLP**

        */s/ Brian P. Watt*
        MICHAEL E. JOHNSON
        Georgia Bar No. 395039
        michael.johnson@troutmansanders.com
        BRIAN P. WATT
        Georgia Bar No. 741841
        brian.watt@troutmansanders.com
        ALEXANDRIA J. REYES
        Georgia Bar No. 428936
        alex.reyes@troutmansanders.com
        Bank of America Plaza, Suite 5200
        600 Peachtree Street, N.E.
        Atlanta, Georgia 30308-2216
        Tel:  (404) 885-3000
        Fax:  (404) 885-3900

*With Co-Counsel*:

**AMERICAN CIVIL LIBERTIES UNION IMMIGRANTS' RIGHTS PROJECT**

*/s/ Judy Rabinovitz*
JUDY RABINOVITZ
*Admitted Pro Hac Vice*
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
Tel:  (212) 549-2618
Fax:  (212) 549-2654
jrabinovitz@aclu.org

*And:*

**AMERICAN CIVIL LIBERTIES UNION
OF GEORGIA FOUNDATION**

*/s/ Chara Fisher-Jackson*
CHARA FISHER-JACKSON
Georgia Bar No. 386101
ACLU of Georgia, Legal Director
AZADEH SHAHSHAHANI
Georgia Bar No. 509008
ACLU of Georgia, National Security/
Immigrants' Rights Project Director
1900 The Exchange, Suite 425
Atlanta, GA 30339
Tel:  (770) 303-8111

*Counsel for Plaintiff Mark D. Lyttle*

## **CERTIFICATION OF COUNSEL**

I hereby certify that this document is submitted in Times New Roman 14 point type as required by N.D. Ga. Local Rules 7.1 and 5.1.

> */s/ Brian P. Watt*
> BRIAN P. WATT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK DANIEL LYTTLE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:10-CV-3302-CAP |
| THE UNITED STATES OF AMERICA, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2011, I electronically filed the preceding *PLAINTIFF MARK DANIEL LYTTLE'S RESPONSE TO UNITED STATES AND OFFICIAL CAPACITY DEFENDANTS' STATEMENT OF MATERIAL FACTS* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all parties of record.

                                                         */s/ Brian P. Watt*

Troutman Sanders LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street N.E.
Atlanta, Georgia 30308-2216
Tel:  (404) 885-3000
Fax:  (404) 885-3900               *Counsel for Plaintiff Mark D. Lyttle*

2284961v5