```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION
```

| | |
|---|---|
| MARK DANIEL LYTTLE, | |
|       Plaintiff, | CIVIL ACTION |
|    v. | NO. 1:10-CV-3302-CAP |
| UNITED STATES OF AMERICA, ERIC A. HOLDER, JR., JANET NAPOLITANO, THOMAS G. SNOW, JOHN T. MORTON, JAMES T. HAYES, RAYMOND SIMONSE, DAVID COLLADO, MARCO MONDRAGON, TRACY MOTEN, MICHAEL MOORE, CHARLES JOHNSTON, BRIAN KEYS, and CORRECTIONS CORPORATION OF AMERICA | |
|       Defendants. | |

**O R D E R**

This action is before the court on the defendants' motion to transfer [Doc. No. 43]. Also pending are the defendants' motions to dismiss [Doc. Nos. 47 and 49], the plaintiff's motion for leave to file his response to the defendant's statement of material facts [Doc. No. 61], and the plaintiff's motion for leave to file corrected briefs [Doc. No. 62]. Because the court has determined that the motion to transfer is due to be granted, it will not address the remaining motions; those will be properly before the transferee court.

This civil action arises from the removal of the plaintiff, an American citizen, to Mexico. The complaint asserts fourteen

separate claims against fourteen named defendants.  The first three claims for relief are brought pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against eight individual federal defendants.  The fourth and fifth claims for relief seek monetary and equitable relief from the official capacity defendants on statutory and constitutional grounds.  Claims Six through Nine are brought pursuant to the Federal Tort Claims Act ("FTCA") against the United States.  Claims Ten and Eleven are 42 U.S.C. § 1983 claims against Corrections Corporation of America ("CCA"), the entity that contracted with the federal government to run the detention facility where the plaintiff was detained awaiting removal.  Finally, claims Twelve through Fourteen are state law claims against CCA.

The defendants contend that venue is not proper in this district and seek a transfer to the Middle District of Georgia, Columbus Division.  Alternatively, the defendants contend that even if the court finds venue is proper in this court, the matter should be transferred to the Middle District as a more convenient forum.

The general venue statute provides the following with respect to official capacity claims against United States employees:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law,

> be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

Because this action has been brought in the district where the plaintiff resides, venue is proper with respect to the official capacity claims against federal employees and the United States. However, § 1391(e) goes on to state:

> Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Therefore, in this case, venue must be proper as to the "additional persons" that are joined as defendants including CCA and the individual federal defendants. Thus, the court must turn to the general venue statute that is applicable to non-diversity claims brought in federal court..

> According to 28 U.S.C. § 1391(b):
>
> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

>    defendant may be found, if there is no district in which
>    the action may otherwise be brought.

The defendants contend that the facts alleged in the plaintiff's complaint demonstrate that venue is not proper in this district because the plaintiff can establish neither that all defendants reside in the same state nor that a substantial part of the events or omissions giving rise to the claims occurred in this district.

In response to the motion to transfer, the plaintiff argues that because the removal order was issued from this district and because he was detained in the Atlanta airport upon his return to the United States, he has established that a substantial part of the events giving rise to his claims occurred here.  The court agrees with respect to his claims related to his wrongful removal. However, there are no events that occurred in this district that give rise to the plaintiff's claims related to his detention in Lumpkin, Georgia (located in the Middle District of Georgia) and the alleged participation by CCA. Moreover, the events giving rise to these claims happened before the issuance of the removal order and before the plaintiff's detention at the Atlanta airport. Therefore, while the issuance of the wrongful removal order overshadowed all events that transpired thereafter, there is no basis for the court to hold that the events pertaining to the

plaintiff's detention in Lumpkin, Georgia and the participation of CCA and its employees occurred in this district.

The District Court of Massachusetts has held that when a complaint states multiple claims against multiple parties, the plaintiff has the burden of establishing that venue is proper as to each claim. Bearse v. Main Street Investments, 170 F.Supp.2d 107, 116 (D. Mass. 2001) (citing VDI Technologies v. Price, 781 F.Supp. 85, 92 (D.N.H. 1991); Hickey v. St. Martin's Press, 978 F.Supp. 230, 240 (D. Md. 1997); Jarrett v. North Carolina, 868 F.Supp. 155, 158 (D.S.C. 1994)).  This court finds this reasoning persuasive. Because the plaintiff cannot establish that venue is proper as to the claims related to the plaintiff's detention in Lumpkin, Georgia and participation by CCA, this court must conclude that venue is improper in this district.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Here the parties agree that this action could have been brought in the Middle District of Georgia, Columbus Division.  Accordingly, the court finds that transfer of this action to that court serves the interest of justice.

Accordingly, the motion to transfer [Doc. No. 43] is GRANTED. The clerk is DIRECTED to transfer this civil action to the Middle District of Georgia, Columbus Division.

SO ORDERED, this 6th day of October, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge